IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH WELTY,<br><br>  Plaintiff,<br><br>v.<br><br>C/O GLOBAL TEL LINK CORPORATION,<br><br>  Defendant. | Civil Action No. 22-1891<br><br>District Judge W. Scott Hardy<br>Magistrate Judge Cynthia Reed Eddy |

## MEMORANDUM ORDER

This matter comes before the Court after Plaintiff Joseph Welty declined to file objections to the Report and Recommendation ("R&R") (Docket No. 7) entered by Magistrate Judge Cynthia Reed Eddy on January 4, 2023. The R&R recommends the *sua sponte* dismissal of Plaintiff's Complaint (Docket No. 5) before service because the Court does not appear to have subject matter jurisdiction over Plaintiff's claims as they are pled in the Complaint. (Docket No. 7 at 1, 4). Further, the R&R recommends that leave to amend be denied as amendment of the Complaint would be futile. (*Id.*). Service of the R&R was made on Plaintiff by mail, and he was informed that any objections to same were due for unregistered users of CM/ECF by January 23, 2023. (*Id.* at 4).

On January 18, 2023, Plaintiff filed a motion in which he requested a legal form to use to file his objections, and he asked for more time in which to file his objections. (Docket No. 9). On January 20, 2023, Judge Eddy issued an Order (sent to Plaintiff via U.S. mail) granting in part and denying in part Plaintiff's motion. (Docket No. 10). Judge Eddy's Order indicated that Plaintiff's motion was granted in that Plaintiff was given leave to file his objections by February 6, 2023, and Plaintiff's motion was denied in that he was informed that the form that he had requested does not

1

exist. (*Id.*). The Order further directed Plaintiff to the appropriate federal statute and rule of Court for instructions on how to file his objections. (*Id.*). Thereafter, Plaintiff did not file any objections to the R&R.

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1). Here, however, because Plaintiff did not file any objections to the R&R – which explicitly stated that failure to file timely objections "will waive the right to appeal" (Docket No. 7 at 4-5) – we review the magistrate judge's decision for plain error. *See Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011) (quoting *Siers v. Morrash,* 700 F.2d 113, 116 (3d Cir. 1983)); *see also* Fed. R. Civ. P. 72(b), advisory committee notes, 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct.*, 501 F.2d 196, 206 (9th Cir.), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R, the Complaint, and the entire record, the Court will accept Judge Eddy's recommendation, with certain modifications. In so doing, the Court agrees with Judge Eddy that Plaintiff has designated 42 U.S.C. § 1983 pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), as the basis for federal jurisdiction over his Complaint, yet he cites to no federal statutes or Constitutional right that he claims was violated because Defendant failed to fix his broken tablet. (Docket No. 7 at 4). The Court also agrees with Judge Eddy that, without more, Plaintiff's allegations do not confer jurisdiction on this Court, and the Complaint must therefore be dismissed for lack of subject matter jurisdiction. (*Id.*). Finally, like Judge Eddy, the Court can conceive of no actionable federal claim based on the allegations in

the Complaint, and the Court agrees with the recommendation that leave to amend be denied as amendment of the Complaint would be futile. (*Id.*).

As such, the Court accepts the R&R's recommended disposition and adopts the R&R as the Opinion of the Court, with the following modifications. The Court accepts the recommendation that the Complaint be dismissed for lack of subject matter jurisdiction, but the Court modifies the basis for such dismissal, as the Court finds that dismissal is appropriate here pursuant to Federal Rule of Civil Procedure 12(h)(3), rather than under 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(1) as the R&R recommends. *See, e.g., Johnson v. Transitional Serv., Inc.*, No. 18-423, 2018 WL 11475042, at *1 (W.D. Pa. May 25, 2018) (explaining that pre-service dismissal of a complaint is appropriate as set forth in 28 U.S.C. § 1915(e), and "[a]dditionally, under [Rule] 12(h)(3), '[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action'" (quoting Fed. R. Civ. P. 12(h)(3))).

Additionally, the Court modifies the recommended disposition in that the Court finds that such dismissal should be without prejudice. *See New Jersey Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissal for lack of subject matter jurisdiction is by definition without prejudice, and that the plaintiffs could thus pursue a new action and attempt to remedy the jurisdictional defects identified by the court); *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999) (agreeing with the plaintiff that dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered "without prejudice"); *see also Warren v. Gantman*, 800 F. App'x 86, 88 & n.2 (3d Cir. 2020) (modifying a district court's order to specify that the complaint was dismissed without prejudice since dismissals based on subject matter jurisdiction should be without prejudice, but noting that the district court

properly denied the plaintiff leave to amend his complaint in that action because amendment would have been futile).

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 27th day of April, 2023,

IT IS HEREBY ORDERED that the R&R (Docket No. 7) is ADOPTED as the Opinion of the Court, as MODIFIED, *supra*.

IT IS FURTHER ORDERED that, for the reasons set forth, *supra*, and in the R&R, Plaintiff's Complaint is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, and leave to amend the Complaint is denied as amendment would be futile. Such dismissal is without prejudice to Plaintiff's ability to pursue a new action and attempt to remedy the jurisdictional defects discussed in the R&R.

IT IS FURTHER ORDERED that the Clerk of Court shall mark this case closed.

                                              */s/ W. Scott Hardy*
                                              W. Scott Hardy
                                              United States District Judge

cc/ecf: Joseph Welty (via U.S. Mail)